## Commonwealth v. Mellon

*Edward J. Zetusky, Jr., Assistant Solicitor*, for Commonwealth.
*Anthony J. McNulty*, for defendant.

McGOVERN, *J.*, March 2, 1978—Defendant was convicted on October 20, 1977, by District Justice Vincent J. Cirilli of a violation of section 4942(a) of the Vehicle Code of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §4942(a), and fined $11,110. On October 31, 1977, defendant filed a notice of appeal from that conviction. That appeal was heard by this court on December 6, 1977.*

At the time of the hearing, counsel stipulated to the following facts. Defendant, on October 12, 1977, was operating a tractor and trailer, owned by Allied Petroleum Marketers, Inc., a Delaware corporation, bearing Delaware registration tags, in the

---

*On that date Pennsylvania Motor Truck Association petitioned to intervene. Formal intervention was denied. However, counsel was permitted to argue and submit briefs amicus curiae.

city of Chester. He was stopped by Corporal Donald Franklin of the Chester Police Department, weighed, and issued a citation for being overweight by 39,950 pounds in violation of section 4942(a) of the Vehicle Code, the total weight of the combination tractor and trailer being 76,950 pounds. The tractor and trailer were validly registered in the state of Delaware and authorized to carry a total registered weight of 73,000 pounds.[1]

We believe that the district justice erred in finding defendant guilty of a violation of section 4942(a) of the Vehicle Code. Section 4942(a) provides that: "No vehicle registered as a truck, a combination or a trailer shall be operated with a gross weight in excess of its *registered gross weight*." (Emphasis supplied.) A careful reading of the general provisions of the Vehicle Code reveals that "registered gross weight" is defined as "The maximum gross weight at which a vehicle or combination is *registered in this Commonwealth* to operate upon a highway."[2] (Emphasis supplied.) Since the vehicle in question was not registered in the Commonwealth of Pennsylvania, it is the court's opinion that it was not subject to that provision of the code.

However, this does not mean that one may not be charged with a violation of the maximum weight

---

1. The tractor was authorized a gross weight of 37,000 pounds, and the trailer was authorized a gross weight of 36,000 pounds. Delaware permits a *split registration fee system*, i.e., one registration for the tractor and one registration for the trailer. On the other hand, the Commonwealth of *Pennsylvania uses a single registration system* combining the total weight of the tractor and trailer. [Editor's note: But see Commonwealth v. Johnson, 9 D. & C. 3d 692 (1978).]

2. 75 Pa.C.S.A. §102.

provisions of the code. Section 4941 of the code provides maximum gross weight restrictions for vehicles.[3] "Combination" is defined as "Two or more vehicles physically interconnected in tandem." "Gross weight" is defined as "The combined weight of a vehicle or combination of vehicles and its load and driver."[4] There is *no* statutory definitional limitation to prosecutions under this provision to vehicles registered in the Commonwealth as is present in section 4942. This is in accordance with the penalty provisions of Chapter 49 of the Vehicle Code which provide the same penalty for violation of either section.[5]

In view of our conclusion, we need not reach the other arguments raised by defendant.

## ORDER

Now, March 2, 1978, after presentation of testimony in open court and argument of counsel, it is hereby ordered and decreed that defendant's sum-

---

3. "§4941 Maximum gross weight of vehicles

"(a) General rule—No vehicle or combination shall, when operated upon a highway, have a gross weight exceeding 73,280 pounds.

"(b) Combination of vehicles—No combination shall, when operating upon a highway, have a gross weight exceeding the following:

| Combination of Vehicles | Maximum Gross Weight in Pounds |
|---|---|
| Two-axle truck tractor & single-axle semitrailer | 50,000 |
| Two-axle truck tractor & two-axle semitrailer — | 60,000 |
| Three-axle truck tractor & single-axle semitrailer | 60,000 |
| Two-axle truck & two-axle trailer ——————— | 62,000" |

4. 75 Pa.C.S.A. §102.

5. See 75 Pa.C.S.A. §4945(a).

mary appeal is hereby sustained, the charge against defendant hereby dismissed and defendant is discharged.